IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, DAVID PALMER, Revenue Officer and CHUNG NGO, Revenue Agent, Internal Revenue Service,<br><br>    Petitioners,<br><br>V.<br><br>ROGER P. WHITMAN<br><br>    Respondent.<br>_____/ | Case No. 2:10-mc0035 MCE KJM<br><br><br><br>FINDINGS AND RECOMMENDATIONS<br><br><br>Taxpayer: ROGER P. WHITMAN |

      This matter came on for hearing on June 9, 2010, on the Order to Show Cause filed April 2, 2010, which, with the verified petition and exhibits, was personally served on respondent in compliance with Fed. R. Civ. P. 4(e) on April 22, 2010. Yoshinori H. T. Himel appeared for petitioners, and petitioning Revenue Officer David Palmer and petitioning Revenue Agent Chung Ngo were present. Respondent did not appear at the hearing. During the hearing, petitioners handed up a copy of an unfiled opposition that respondent served on them.

      The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce two administrative summonses (Exhibit A to the petition). The first summons is in aid of Revenue Officer David Palmer's investigation to determine financial information for the collection of assessed U.S. individual income tax liabilities (Form 1040) for the tax years ending December 31, 1997, December 31, 1998, December

31, 1999 and December 31, 2000. The second summons is in aid of Revenue Agent Chung Ngo's investigation to determine the existence and amounts of U.S. individual income tax liabilities (Form 1040) for the taxable years ending December 31, 2001, December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007 and December 31, 2008.

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345. Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a) (26 U.S.C.). The Order to Show Cause shifted to respondent the burden of rebutting any of the four requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

Based on the petition and the uncontroverted verifications of Revenue Officer Palmer and Revenue Agent Ngo and the entire record, the court makes the following findings:

(1) The summons issued by Revenue Officer David Palmer to respondent, Roger P. Whitman, on October 5, 2009, seeking testimony and production of documents and records in respondent's possession, was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine financial information for the collection of assessed U.S. individual income tax liabilities (Form 1040) for the tax years ending December 31, 1997, December 31, 1998, December 31, 1999 and December 31, 2000.

(2) The summons issued by Revenue Agent Chung Ngo to respondent, Roger P. Whitman, on October 12, 2009, seeking testimony and production of documents and records in respondent's possession, was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine the existence and amounts of U.S. individual income tax liabilities (Form 1040) for the taxable years ending December 31, 2001, December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007 and December 31, 2008.

(3) The information sought is relevant to those purposes.

(4) The information sought is not already in the possession of the Internal Revenue Service.

1     (5) The administrative steps required by the Internal Revenue Code have been
2 followed.
3     (6) There is no evidence of referral of this case by the Internal Revenue Service to
4 the Department of Justice for criminal prosecution.
5     (7) The verified petition and its exhibits make a prima facie showing of
6 satisfaction of the requirements set forth in United States v. Powell, supra.
7     (8) The burden shifted to respondent, Roger P. Whitman, to rebut that prima facie
8 showing.
9     (9) Respondent presented no proper argument or evidence to rebut the prima facie
10 showing.
11     (10) Paragraph 7 of the show-cause order filed April 2, 2010, required that
12 opposition be served and filed. Respondent's attempted opposition was dated June 7,
13 2010. It was served on petitioners but was not filed with the court.
14     (11) Service of the attempted opposition was untimely under paragraph 7 of the
15 show-cause order. That paragraph required any opposition to be served at least ten days
16 before the date set for the show-cause hearing. The opposition's signature date of June 7,
17 2010, was after the initially-set show cause hearing date of June 2, 2010, and was later
18 than 10 days before the continued hearing date of June 9, 2010.
19     (12) Show-cause order paragraph 8 provided that "[o]nly those issues brought into
20 controversy by the responsive pleadings and supported by affidavit will be considered."
21 Respondent's attempted opposition request referred to a supporting declaration but failed
22 to include any declaration. Thus, there is no evidence before the court in opposition to
23 enforcement.
24     (13) Respondent's failure to file opposition, and his failure to serve timely
25 opposition, waives his venue challenge to enforcement. The unfiled opposition
26 characterizes the question before the court as whether either venue or jurisdiction to
27 entertain the action lies, and specifically subject matter jurisdiction under I.R.C. § 7604(a)
28 (26 U.S.C.). Section 7604(a) is one of two identically-worded statutes authorizing tax

summons enforcement, the other being I.R.C. § 7402(b).  Section 7402(b)'s language (shared with Section 7604(a)) -- "the district court of the United States for the district in which such person resides or may be found" -- is not a grant of subject matter jurisdiction but "is in the nature of a venue provision."  United States v. Hankins, 581 F.2d 431, 439 n.11 (5th Cir. 1978) ("Montgomery characterizes this statute as a grant of subject matter jurisdiction, but we think this assertion incorrect.").  Therefore the question that respondent attempts to raise is properly characterized as a challenge to venue.  "It is elementary that venue can be waived if not timely raised."  Id.  Respondent has waived venue.

(14) Respondent's admissions also rebut the fact on which he bases his challenge to venue in this district.  The unfiled opposition admits that the proper district for summons enforcement is the district in which the respondent resided at "the filing of this action."  It also admits that respondent was a California resident until April 1, 2010.  Petitioners initiated this action on March 31, 2010.  Thus, the Eastern District of California is the proper venue for this action.

Accordingly, IT IS HEREBY RECOMMENDED that the IRS summonses issued to respondent, Roger P. Whitman, be enforced, and that respondent be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95821, before Revenue Officer David Palmer and Revenue Agent Chung Ngo, or their designated representatives, on the twenty-first day after the filing date of the summons enforcement order, or on a later date and at a time and place to be set in writing by the Revenue Officer or the Revenue Agent, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.  It is further recommended that if the court enforces the summonses, the court retain jurisdiction to enforce its order by its contempt power.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C)

and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California.  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

The Clerk shall serve this paper and all future orders upon the respondent at the following address:

>    Mr. Roger P. Whitman
>    25 Miller Farm Lane
>    Brevard, NC 28712

It is SO ORDERED.

DATED: June 17, 2010.

_____
U.S. MAGISTRATE JUDGE